UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ZUBIN KHAVARIAN,<br><br>         Plaintiff,<br><br>  v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>         Defendant. | Case No.: 16cv1251-JLS (BLM)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION; (2) GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT; (3) DENYING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT; AND (4) OVERRULING PLAINTIFF'S OBJECTIONS**<br><br>(ECF Nos. 12, 14, 21) |

  Presently before the Court are Plaintiff's and Defendant's Cross-Motions for Summary Judgment (the "Cross-Motions"), (ECF Nos. 12, 14), regarding a denial of benefits under the Social Security Act ("SSA"). Magistrate Judge Barbara Lynn Major issued a forty-four-page Report and Recommendation ("R. & R."), (ECF No. 21), recommending the Court grant Plaintiff's Motion for Summary Judgment, deny Defendant's Motion for Summary Judgment, and remand the case for further factual development. Only Plaintiff objected to the Report and Recommendation ("Pl.'s Obj."),

(ECF No. 22), arguing that the Court should not merely remand the matter for further consideration but instead should remand for an immediate award of benefits. Defendant timely replied to Plaintiff's Objection, ("Def.'s Reply"), (ECF No. 24), arguing that this is not one of the "rare" cases in which a remand for immediate award of benefits is appropriate. Having considered the Administrative Record, ("A.R.") (ECF No. 8), Cross-Motions, Report and Recommendation, Plaintiff's Objection, and Defendant's Reply, the Court **ADOPTS** Judge Major's Report and Recommendation, **OVERRULES** Plaintiff's Objection, and **REMANDS** the case to the Social Security Administration for further consideration.

## BACKGROUND

Judge Major's Report and Recommendation contains a thorough and accurate recitation of the factual and procedural histories underlying the pending Cross-Motions. (*See* R. & R. 2–9.) This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties regarding a magistrate judge's report and recommendation. The district court "shall make a de novo determination of those portions of the report . . . to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980). In the absence of a timely objection, however, "the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 510 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

As previously mentioned, Defendant did not object to Judge Major's Report and Recommendation. Accordingly, and given that the Court finds no clear error on the face of the record, the only question remaining is whether the case should be remanded for further consideration or, instead, for an immediate award of benefits.

Plaintiff argues that although "he does not object to the [Report and Recommendation] overall, its vigorous engagement of the issues generally, or its [general] conclusion[s,]" Judge Major nonetheless erred in not performing step-by-step analysis regarding whether the case should be remanded with an award of benefits. (Pl.'s Objs 1–2, 5.) Specifically, Plaintiff argues that the Ninth Circuit's credit-as-true rule should be applied to the relevant testimony in this case and, after crediting such testimony, the necessary result is that the Court must reverse for an award of benefits. (*Id.* at 2–10.)

Whether to remand a case for further factual development or instead for an immediate award of benefits is committed to the sound discretion of the reviewing court. *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1100 (9th Cir. 2014). Nonetheless, courts "generally remand for an award of benefits only in 'rare circumstances' . . . [i.e.,] where no useful purpose would be served by further administrative proceedings and the record has been thoroughly developed.' " *Id.* (quoting *Moisa v. Barnhart*, 367 F.3d 882, 886 (9th Cir. 2004), and *Hill v. Astrue*, 698 F.3d 1153, 1162 (9th Cir. 2012)). There are three elements required for a reviewing court to remand for an award of benefits; the Court analyzes:

> [F]irst . . . whether the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion[;]
> . . . .
> Second, if the ALJ has erred, . . . whether the record has been fully developed, . . . whether there are outstanding issues that must be resolved before a determination of disability can be made, . . . and whether further administrative proceedings would be useful[;] [and]
> . . . .
> Third, if [the court] conclude[s] that no outstanding issues remain and further proceedings would not be useful, . . . whether the record, taken as a whole, leaves not the slightest uncertainty as to the outcome of [the] proceeding . . . .

*Id.* at 1100–01. "When all three elements of this . . . [analysis] are satisfied, a case raises the 'rare circumstances' that allow [a court] to exercise [its] discretion to depart from the

ordinary remand rule." *Id.* at 1101. Otherwise put, "where there are no outstanding issues that must be resolved before a proper disability determination can be made, and where it is clear from the administrative record that the ALJ would be required to award benefits if the claimant's . . . testimony were credited, [the court] will not remand solely to allow the ALJ to make specific findings regarding that testimony. Rather, [the court] will . . . take that testimony to be established as true." *Garrison v. Colvin*, 759 F.3d 995, 1019 (9th Cir. 2014).

In the present case, Plaintiff argues that each element is satisfied. The evidence presented to the ALJ that Plaintiff is disabled within the meaning of the Social Security Act includes that (1) the "VA determined [Plaintiff] to be '[one-]hundred percent [disabled] with homebound[,]' " (R. & R. 4 (first and third alteration in original) (quoting A.R. at 53–54)); (2) Plaintiff testified that he "has nightmares at least six times a week, sleeps five to six hours on a 'good day,' and only three hours of sleep on a regular day[,]" (*id.* at 5 (quoting A.R. 59, 63)); (3) Plaintiff testified that he "is unable to 'just trust people in general,' has trouble completing tasks, gets overwhelmed easily, and tends to put things off for as long as he can," (*id.* (quoting A.R. 59, 71)); (4) Plaintiff's treating psychiatrist "f[ou]nd that Plaintiff is 100% disabled due to PTSD . . . and also found that Plaintiff meets medical Listing 12.06 for anxiety-related disorders[,]" (*id.* at 15 (quoting A.R. 473, 519)); (5) an examining doctor found "that the subjective symptoms that [Plaintiff was] talking about would preclude ability to work[,]" (*see id.* at 6 (quoting A.R. 67)); and (6) a Vocational Expert testified that someone with Plaintiff's limitations and disabilities would be unable "to sustain . . . any . . . positions[,]" (*id.* at 9 (quoting A.R. 75–77)). In response, one doctor—appearing telephonically and initially confused as to whether he had all the Exhibits or if the hearing time was correct, (A.R. 61)—testified that he " 'c[ould]n't see enough in th[e] record to meet the Social Security disability standards,' because Plaintiff was able to do simple repetitive work in a non-public environment[,]" (R. & R. 7 (quoting A.R. at 69).) Although the telephonic doctor often agreed that if Plaintiff accurately characterized his symptoms he would necessarily be substantially disabled, (*e.g.*, A.R. 67

("[T]he subjective symptoms [Plaintiff] is talking about would preclude ability to work."); *see id.* at 69 ("[T]here is a speculation . . . that he might have difficulty [working] because . . . he might be drowsy or might miss work [due to the frequent nightmares].")), the telephonic doctor doubted such an extreme disability classification given "that [Plaintiff has] not made any effort to do anything except take medication[,]" (*id.* at 67; *see also id.* at 71 (Plaintiff explaining to the telephonic doctor that "I think my irritability stems from . . . my inability to just trust people in general at this point[,]" to which the telephonic doctor replied "So—and what are you going to do about that?")).

Ultimately, the ALJ accepted as valid the telephonic doctor's doubts, (*see id.* at 28–38), and gave great weight to prior state-agency reviewers' determinations that Plaintiff's "condition is not severe enough to keep [him] from working[,]" (*id.* at 94), despite the fact that those same reviewers determined that Plaintiff "cannot do past work as generally performed in the national economy because the individual is incapable of sustaining a 40-hour workweek[,]" (*id.* at 92).[1] However, as Judge Major explained, "[t]he ALJ erred in disregarding the opinions of Plaintiff's treating physician, assigning reduced weight to Plaintiff's low GAF scores, . . . finding Plaintiff not fully credible[,]" (*id.* at 42), and instead relying on the telephonic doctor's "limited rationale" which "relied on facts preceding the period of disability" in discrediting Plaintiff's treating psychiatrist's assessment, (*id.* at 26–30). And Defendant implicitly concedes that in this case the telephonic doctor's contrary opinion is the only valid basis by which the ALJ might discount Plaintiff's treating psychiatrist's assessment. (*See* Reply 4–5 ("Therefore, it is only speculation as to whether [the telephonic doctor's] testimony would change given more time to examine the evidence, and there is sufficient ambiguity in this respect to allow for remand for further consideration of the evidence rather than payment of benefits."); *see also id.* at 6 ("There

---

[1] Plaintiff appealed the ALJ's decision, but the Appeals Council seemingly denied review solely on the bases that it was not error for the ALJ to permit the telephonic doctor to appear telephonically without prior notice to Plaintiff and that it was not error for the doctor to have potentially not reviewed all of Plaintiff's file prior to the hearing. (*See* A.R. 2.)

remain outstanding issues to be resolved with respect to the [telephonic doctor's] testimony, conflicting evidence with respect to [Plaintiff's treating psychiatrist's] opinion, and conflicts in Plaintiff's testimony.").)

Nonetheless, the Court cannot agree with Plaintiff that "[t]he Magistrate's recommendation to remand for further proceedings will serve no useful purpose . . . even in the unlikely event that [the telephonic doctor] should 'opine on specific and legitimate reasons for discounting [Plaintiff's treating psychiatrist's] opinions and evidence' . . . ." (Pl.'s Obj. 8 (quoting R. & R. 43).) In particular, Plaintiff argues that where—as here—a non-treating physician who has not examined the claimant contradicts the opinion of a treating physician, the treating physician's opinion may be rejected "only if the ALJ gives specific, legitimate reasons for doing so that are based on substantial evidence in the record." *E.g.*, *Andrews v. Shalala*, 53 F.3d 1035, 1041 (9th Cir. 1995) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751, 755 (9th Cir. 1989)). "Substantial evidence is relevant evidence that, considering the entire record, a reasonable person might accept as adequate to support a conclusion." *Lewis v. Apfel*, 236 F.3d 503, 509 (9th Cir. 2001) (citing *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999)). And in the present case—notwithstanding whether Plaintiff's testimony is credited as true—the telephonic doctor expressed legitimate concern both that Plaintiff had not exhibited any improvement since 2012 and that the record contained only conjecture that Plaintiff would be unable to sustain a forty-hour workweek in a position less rigorous than his prior, detail-oriented job. (*See* A.R. at 68–69.) This, combined with the prior state-agency reviewers' assessments that although Plaintiff is "not capable of performing work [he] ha[s] done in the past" Plaintiff is nonetheless "able to perform work that is less demanding[,]" (*id.* at 94), here injects sufficient ambiguity to preclude a finding that " 'all essential factual issues have been resolved.' " *Dominguez v. Colvin*, 808 F.3d 403, 407 (9th Cir. 2015), *as amended* (Feb. 5, 2016) (quoting *Treichler*, 775 F.3d at 1101); *see also Treichler*, 775 F.3d at 1106 ("[A] reviewing court is not required to credit claimants' allegations regarding the extent

///

of their impairments as true merely because the ALJ made a legal error in discrediting their testimony.").

To be clear, the record is currently comprised of strong evidence that Plaintiff is disabled and only slight evidence that he is not. However, "[u]nless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits." *Dominguez*, 808 F.3d at 407 (citing *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014)). And in the present case, given the several conflicts and ambiguities in the record which may benefit from further factual development on remand, the Court declines to exercise its discretion to remand for an immediate award of benefits.

## CONCLUSION

Given the foregoing, the Court **ADOPTS IN ITS ENTIRETY** Magistrate Judge Major's Report and Recommendation; **GRANTS** Plaintiff's Motion for Summary Judgment; **DENIES** Defendant's Motion for Summary Judgment; **OVERRULES** Plaintiff's Objection; and **REMANDS** the case to the Social Security Administration for further proceedings. Because this concludes the litigation in this matter, the Clerk **SHALL** close the file.

**IT IS SO ORDERED.**

Dated: August 8, 2017

*[signature]*
Hon. Janis L. Sammartino
United States District Judge